J. R. Swan, J.
I. We do not perceive any error in the charge of the court. The memorandum at the foot of a will, of an erasure, which was, before the execution of the will, in fact restored by the testator, would not affect such restored part; and under such circumstances an erasure of the foot note, after the execution of the will, could not be deemed a material alteration of the will.
II. The court below refused to receive the affidavits of jurors that they misunderstood the charge of the court.
It would be a great improvement in the administration of justice, if each juror could be made to understand perfectly the testimony and the charge of the court, and deduce the truth and apply the law without mistake. But it requires but little experience to teach even a theorist that courts and jurors can only approximate to right and truth, and that the rules of law must be too general for exact justice in every case; and the truth too difficult to ascertain to be arrived at with any great degree of certainty. Law reformers who demand an exact administration of justice should begin by infusing into the moral and intellectual faculties of judges and jurors infinite knowledge and purity.
Practically, if a juror’s affidavit, stating his idea of the law as the judge had expounded it, or the facts as he understood the witnesses, were to be held sufficient to set aside a verdict, provided it should turn out that he was mistaken in any particular, scarcely any verdict could stand. Besides the improbability that, in cases of any intricacy, all the jurors would understand perfectly all the principles of law expounded to them, it would be extremely *390 easy for a juror, who had been tampered with, to swear that he had formed his verdict upon such grounds as would insure a new trial, and it would be impossible to detect the collusion or punish the perjury. The practice would hold out strong inducements for suitors to tamper with jurors. Such affidavits have, therefore, upon grounds of public policy, been in general rejected by courts. Norris v. The State, 3 Humph. Rep. 333; Handy v. Prov. Mer. Ins. Co., 1 R. I. Rep. 400; Harnbarger v. Kinney, 6 Gratt. 287; Murdock v. Sumner, 22 Pick. Rep. 156; Saunders v. Fuller, 4 Humph. 516; Hulett v. Barnett, 10 Ohio Rep. 459.
The charge of the court was clear and explicit. If the verdict itself was wrong, the court could have set it aside without any inquiry into the secret operations of the minds of the jurors.
"We think the court did not err in refusing, on the affidavits of the jurors, to set aside the verdict.
III. Although we are of the opinion that a bill of review lies in a case like this, yet the proceedings of the. court of law upon the issue out of chancery, cannot be examined upon such a bill of review any further than the same appears upon the record. The testimony before the jury upon the trial of the issue in this case is not embodied in a bill of exceptions, nor brought upon the record. It is presumed to have been oral.
IY. The [probate of the will is objected to because it does not appear in the order of the probate court, admitting the will and codicil to record, that the court found the will and codicil duly attested and executed.
The statute provides:
“ Sec. 16. If it shall appear tbat such will was duly attested and executed, and that the testator at the time of executing the same was of full age, and of sound mind and memory, and not under any restraint, the court shall admit the will to probate.
“Sec. 18. Every will, when admitted to probate, as above mentioned, shall be filed in the office of the clerk of the court, and recorded, together with the testimony, by the clerk, in a book which shall be kept by him for that purpose.
“ Sec. 19. A copy of such recorded will, with a copy of the order of probate annexed thereto, certified by the clerk under the seal of the court, shall be as *391 effectual, in all cases, as the original will would he if produced and established by proof.”
The order of the probate court admitting the will of Riddle to probate, omits to state that the court found that the will was duly attested and executed. .
The order of the court, however, admitting a will to probate, is the final order and adjudication upon the testimony, which is required to be reduced to writing. The objection to the probate in this case, is not one of jurisdiction ; but whether the court did its duty by passing upon or by being satisfied as to the attestation and execution of the will, before it made its order admitting the will to record.
The order itself is predicated upon the preliminary evidence, and is the legal inference from it; and in a collatteral proceeding, instead of rejecting the order admitting the will to record as a nullity, because the court omitted to state in the order the grounds upon which it was made, we must presume that the court did its duty, and based its order on satisfactory evidence.
Bill dismissed.
Brinkerhoee, Scott and Sutliee, JJ., concurred.